UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO. 09-80765-CIV-DIMITROULEAS/SNOW

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

vs.

LASALLE INTERNATIONAL CLEARING
CORPORATION, STERLING
WENTWORTH CURRENCY GROUP,
INC., and MICHAEL RIOLO,

    Defendants.
_____/

**RECEIVER'S FIRST MOTION FOR AUTHORITY
TO PAY FEES AND EXPENSES INCURRED BY PROFESSIONALS
FOR THE PERIOD OF SEPTEMBER 1, 2009 – SEPTEMBER 30, 2010**

The Receiver, Michael I. Goldberg (the "Receiver"), by and through his attorneys, files his first motion for authority to pay the fees and expenses incurred by Akerman Senterfitt (collectively referred to as the "Akerman").

I.    **PROCEDURAL HISTORY**

    A.    **The Receiver's Appointment**

On May 21, 2009, the U.S. Commodity Futures Trading Commission ("CFTC") filed a Complaint in this action against the Defendants seeking the entry of permanent injunctions, civil monetary penalties and other equitable relief, including the appointment of a receiver. [D.E. 1]. In its suit and supporting documents, the CFTC alleged that the Defendants were involved in a Ponzi scheme, whereby they fraudulently solicited and received funds from customers for the

{FT713003;2}

purpose of trading off-exchange foreign currency contracts ("forex") which were forex futures contracts. On September 17, 2009, the Court entered an Order for Entry of Judgment by Default, Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendants and appointed Michael I. Goldberg, Esq. as the permanent equity receiver in this action (the "Receivership Order"). [D.E. 31].

On page 13 of the Receivership Order, the Court specifically authorized the Receiver to file periodic requests of payment of reasonable compensation for the performance of duties pursuant to the Receivership Order and for the cost of actual out-of-pocket expenses incurred. In support of this motion, attached hereto as Exhibit A is a copy of Akerman's billing statement including its costs and time records, sorted in chronological order for the time period covered by this motion.

### B.   BACKGROUND OF THE DEFENDANTS

The Defendants were charged with fraudulently soliciting and receiving funds from customers for the purpose of trading off-exchange foreign currency contracts ("forex"). The Defendants were further charged with making and delivering to customers monthly statements which failed to disclose that the Defendants lacked sufficient cash to pay to customers the purported value of their accounts. In the monthly statements, the Defendants also overstated the total cash available by millions of dollars. Based on this conduct, the Defendants were charged with violating various sections of the Commodity Exchange Act.

### C. BACKGROUND OF RECEIVERSHIP ACTION

Prior to the commencement of the instant action, a related action was brought in the Seventeenth Judicial Circuit in and for Broward County, Florida, before the Honorable Judge Ana Gardiner, in an action styled *Joseph Willis v. Sterling Wentworth Currency Group, Inc., et al.*, Case No. 09-02541(11) (the "State Action")[1]. The State Action was brought by an investor in the entity Defendants, Sterling Wentworth Currency Group, Inc. and LaSalle International Clearing Corporation. By Order dated January 22, 2009, Alan Goldberg (the "State Receiver") was appointed as receiver in the State Action (the "State Receivership Order"). The State Receiver then retained the law firm of Akerman Senterfitt ("Akerman") to assist him in performing his duties under the State Receivership Order. The Receiver in the instant action was integral in the representation of the State Receiver in the State Action.

Together, Akerman and the State Receiver marshaled, maintained and preserved all known property and assets of the Defendants. Towards that end, Akerman and the State Receiver cooperated to subpoena documents from various sources, including banks at which the Defendants held numerous accounts in order to locate the Defendants' assets and identify potential fraudulent transfers. Akerman and the State Receiver also collaborated to sell certain property of the receivership estate, including a boat, a Porsche, a Corvette and a motorcycle for approximately $177,000 (gross). The funds they collected will ultimately serve to benefit the Defendants' creditors in the instant action.

---

[1] The State Action involved three consolidated proceedings brought by separate investors/investor groups in the 17th Judicial Circuit in and for Broward County, Florida.

{FT713003;2}

On September 17, 2009, the Receiver was appointed in the instant action.[2] [D.E. 3]. On December 15, 2009, the Receiver filed his Motion for Order Confirming the Receiver's Authority to Take Possession of Receivership Assets in the Possession of Alan Goldberg. [D.E. 38]. Contemporaneously with that motion, the Receiver also filed his Motion to Amend the Receivership Order to Dismiss Plaintiffs' State Court Actions or, Alternatively, to Extend Stay of State Court Actions. [D.E. 39]. On January 15, 2010, this Court entered two separate Orders confirming the Receiver's authority to take possession of the receivership assets in the State Receiver's possession [D.E. 52] and dismissing the State Action [D.E. 53].

The Receiver immediately filed a notice in the State Action of this Court's Order dismissing that case and coordinated the turnover of all receivership assets in the State Receiver's possession. The Receiver and the State Receiver, as well as counsel from Akerman, met to ensure the smooth transition of the estate's assets.

## II. THE EFFORTS OF THE RECEIVER

Under the terms of the Receivership Order, the Receiver is authorized to investigate the Defendants' financial affairs and to marshal and safeguard the Receivership Entities' assets for the benefit of defrauded investors. Since his appointment, the Receiver and his professionals have continued the work undertaken in the State Action to: (1) identify, locate, and secure the Defendants' assets; (2) identify, locate, and secure the Receivership Entities' records; (3) liquidate the Receivership Entities' assets; (4) identify the investors who invested with the

---

[2] Michael Goldberg was appointed as Receiver, in part, due to his representation of the Receiver in the State Action and because his continued involvement would be the most cost effective and efficient means of resolving this matter. For the same reason, the Receiver retained Akerman to represent him in the instant receivership action.

{FT713003;2}

Receivership Entities to apprise them of the nature of these proceedings and the fraud which has been perpetrated against them. The Receiver and Akerman have also endeavored to: (1) identify claims and develop legal theories for recovery against parties whose actions may have caused injury to the Receivership Entities and their victims; (2) retain independent accountants to conduct a "profiteer" analysis; (3) retain special litigation counsel to recover improper profits from the Defendants' investors for the benefit of all of the estate's creditors; and (4) to assist federal and state authorities in their investigation of the Defendants' fraudulent conduct.

The Receiver and Akerman have conferred a substantial benefit on the receivership estate and deserve to be compensated for their time and effort. The funds they have and are continuing to collect will ultimately serve to benefit the Defendants' creditors in the instant action. Specifically, the Receiver and Akerman have diligently worked with the accountants retained by the Receiver to investigate and analyze the Receivership Entities' investment accounts and internal accounting software.

The Receiver and Akerman have also retained special counsel to bring claims against those individuals and entities who invested in the Ponzi Scheme perpetrated by the Receivership Entities and received returns in excess of the amounts they invested – *i.e*, the "Profiteers." More specifically, special counsel was retained to bring claims against all such Profiteers to recover the amounts the Profiteers recovered in excess of the amounts they invested – *i.e.*, their so-called "profit."

The Receiver and Akerman have assisted special counsel to contact investors to obtain the investors' personal documentation to aid in the profiteer analysis. The Receiver and

Akerman have also worked with special counsel to settle disputes with Profiteers. While the recovery from Profiteers is not yet significant, the Receiver notes that negotiations with the alleged Profiteers is still in the early stages and that the Receiver is confident that more money will flow into the estate from settlements or, ultimately, litigation with the Profiteers.

The Receiver seeks payment of $40,883.00 in fees and $3,775.63 in expenses for a total of $44,658.63. Copies of Akerman Senterfitt's billing records are attached hereto as Composite Exhibit A.

### III. FACTORS SUPPORTING FEE APPLICATION

Although this case is a federal court equity receivership and not a bankruptcy proceeding, the Receiver believes there are many similarities between the two and that the Court may wish to evaluate the Professionals' applications in light of the factors set forth in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). For the Court's convenience, these factors are discussed below.

    A.    <u>**The Novelty and Difficulty of the Services Rendered**</u>.

Although, unfortunately, these types of cases are all too common, serving as a receiver in a securities fraud case is not a simple task. At the outset, the Receiver and his staff were faced with the arduous task of understanding the businesses of the Receivership Entities and analyzing outdated computer software in an effort to unravel the Receivership Entities' fraudulent accounting information. To properly perform these duties, the Receiver initially devoted substantial resources to the Receivership.

B.     <u>The Skill Requisite to Perform the Services Properly.</u>

    1.     **Akerman Senterfitt**

Michael Goldberg is the Receiver and is primarily responsible for handling the matters for which Akerman seeks compensation. Mr. Goldberg is an attorney licensed to practice law in the State of Florida and the State of New York and is a member of the Bar of the United States District Courts for the Southern and Middle Districts of Florida. Mr. Goldberg has been practicing for twenty years and his practice concentrates primarily on litigation within Bankruptcy and District Courts in Florida, New York and Delaware.

Mr. Goldberg is a Shareholder in the Fort Lauderdale office of Akerman Senterfitt, a firm consisting of approximately 450 attorneys which maintains offices in Ft. Lauderdale, Miami, throughout the State of Florida, Washington D.C. and New York City, New York. Mr. Goldberg received his law degree, *magna cum laude*, from Boston University. Mr. Goldberg also holds a Masters in Business Administration and Finance from New York University where he studied, among other topics, corporate reorganizations. Mr. Goldberg is AV rated by Martindale Hubbell Attorney Directory.

Mr. Goldberg currently serves as the Receiver in other U.S. District Court cases, including *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No. 06-20975-CIV-HUCK. He also currently serves as counsel for the Official Committee of General Unsecured Creditors in *In re Rothstein, Rosenfeldt and Adler*, Case No. 09-34791-RBR. Mr. Goldberg has represented receivers in some of the most complicated and infamous Ponzi scheme cases in this jurisdiction.

CASE NO. 09-80765-CIV-DIMITROULEAS

C. **The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case.**

The Receiver and Akerman attorneys have not been precluded from accepting other employment by virtue of this case.

D. **The Customary Fee.**

The Receiver has voluntarily reduced his billing rate from $615.00 to $495.00 and had reduced the rates of his attorneys and para-professionals. As a result, the hourly rates sought by Akerman attorneys and para-professional in connection with this case are well below the rate they charge other clients and lower than the customary hourly rates charged by other experienced professionals and litigators in the Southern District of Florida.

E. **Whether the Fee is Fixed or Contingent.**

The fees are not fixed or contingent. However, no retainer was provided, so the chances of receiving payment is not guaranteed. Therefore, in a sense, the Receiver is employed on a contingency basis.

F. **Time Limitations Imposed by the Client or Other Circumstances.**

The Receiver and Akerman attorneys were not effected by any significant time limitations.

G. **The Experience, Reputation, and Ability of the Professional, The Undesirability of the Case.**

Akerman is one of the largest law firms in the State of Florida, with more than 450 attorneys located throughout the State of Florida. As a large, statewide law firm, Akerman is one of the few law firms in South Florida that would be able to devote the attorney time and

resources needed for this case and to, in essence, finance the estate during the initial months. Akerman's attorneys are well known throughout the state and federal courts of the State of Florida. Akerman has a good reputation in the legal profession in the Southern District of Florida in general and in receivership and securities matters in particular. The experience, reputation and Akerman's ability are appropriate matters for consideration in determining the fee to be awarded.

H. **The Nature and Length of the Professional Relationship With the Client.**

The Receiver is a shareholder of Akerman.

I. **Awards in Similar Cases.**

The awards sought in connection with this case are consistent with the fees sought and awarded in similar receivership cases and is, in fact, believed to be less than fee awards sought and approved in other securities receivership cases before the United States District Court for the Southern District of Florida.

J. **Benefit to the Estate.**

As is more fully detailed, *supra*, the efforts to date have conferred a substantial benefit on this estate. Moreover, Akerman has been financing the receivership.

K. **Sharing of Compensation.**

There is no agreement for the sharing of any compensation which may be awarded in connection with this case.

CASE NO. 09-80765-CIV-DIMITROULEAS

**WHEREFORE**, the Receiver seeks entry of an Order granting this motion and authorizing the Receiver to pay the first interim award of fees and costs to the Professionals in this action in the amounts set forth herein.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Michael I. Goldberg, Receiver
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Phone: (954) 463-2700
Fax: (954) 463-2224
Email: angela.lipscomb@akerman.com

By: /s/ Angela M. Lipscomb
    Angela M. Lipscomb
    Florida Bar No. 31111

CASE NO. 09-80765-CIV-DIMITROULEAS

## CERTIFICATION

Pursuant to Local Rule 7.3[3/], undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff, who has no objection to the motion. A hearing is requested only in the event that someone files an objection thereto.

By:    /s/ Angela M. Lipscomb
          Angela M. Lipscomb

---

[3/]    The certification regarding review of time records required by Local Rule 7.3 is contained within the attached Verification.

{FT713003;2}

- 11 -

CASE NO. 09-80765-CIV-DIMITROULEAS

## VERIFICATION

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD )

    **BEFORE ME**, the undersigned authority, personally appeared **MICHAEL I. GOLDBERG**, who, after first having been duly sworn, deposes and says:

    1.    I am a shareholder in the law firm of Akerman Senterfitt and counsel to the Receiver in this action. This verification is based on my first-hand knowledge and on my review of the books, records and documents prepared and maintained by Akerman Senterfitt in the ordinary course of its business. I know that the facts contained in this motion regarding work performed by the Receiver and his staff and the facts contained in this verification are true, and I am authorized by Akerman Senterfitt to make this verification. Having reviewed the time records and data which support the motion, I further certify that said motion is well grounded in fact and justified.

    2.    The billing records of Akerman Senterfitt which are attached to this motion are true and correct copies of the records maintained by Akerman Senterfitt. These records were made at or near the time the acts, events, conditions or opinions described in such records occurred or were made. I know that the records were made by persons with knowledge of the transactions or occurrences described in such records or that the information contained in the records was transmitted by a person with knowledge of the transactions or occurrences described in the records. The records were kept in the ordinary course of the regularly conducted business

CASE NO. 09-80765-CIV-DIMITROULEAS

activity of Akerman Senterfitt and it is the regular business practice of Akerman Senterfitt to prepare these records.

_____
MICHAEL I. GOLDBERG

The foregoing instrument was acknowledged before me this 11th day of October 2010, by Michael I. Goldberg, who is personally known to me or who has produced _____ (type of identification) as identification.

NOTARY PUBLIC, STATE OF FLORIDA

Kim Matregrano
(Print, Type or Stamp Commissioned Name of Notary Public)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Angela M. Lipscomb
Angela M. Lipscomb
Florida Bar No. 31111

CASE NO. 09-80765-CIV-DIMITROULEAS

## SERVICE LIST

**Joseph Rosenberg, Esq.** and
**Steven Ringer, Esq.**
U.S. Commodity Futures Trading Commission
140 Broadway
New York, New York, 10005